IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMIE HANAFY | § | |
|     Plaintiff, | § | |
| | § | CIVIL ACTION NO. _____ |
| VS. | § | |
| | § | |
| BODUM USA, INC. | § | |
|     Defendant, | § | JURY DEMAND |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff, Jamie Hanafy, by and through her attorney, respectfully submits the following Complaint and Jury Demand against Defendant BODUM USA, Inc., and alleges the following upon personal knowledge, information and belief, and investigation of counsel.

### I. DISCOVERY LEVEL

1. Plaintiffs intend to conduct Discovery pursuant to a Level 3 Discovery Control Plan, as set forth in TEX. R. CIV. P. 190.4, and Plaintiffs hereby request that the Court enter a Level 3 Discovery Control Plan.

### II. PARTIES

2. Plaintiff, Jamie Hanafy is and was at all relevant times a citizen and adult resident of the State of Texas, who purchased the Bodum Press Glass Beaker, which was developed, manufactured, promoted, marketed, distributed, and sold by Defendant. Plaintiff has suffered damages as a result of Defendant's conduct alleged herein.

3. Defendant, BODUM USA, Inc. is a Delaware corporation, which has its principal place of business at 601 West 26th Street, Suite 1250, New York, New York 10001.

### III.  JURISDICTION

4. This Court has personal jurisdiction over Defendant pursuant to the Texas Long Arm Statute, TEX. CIV. PRAC. & REM. CODE § 17.042, as this lawsuit arises out of a tort committed by Defendant in whole or in part in Texas. Defendant purposefully availed itself of the privileges and benefits of conducting business in Texas by directing its product sales to this State, maintaining such minimum contacts with this State that the assumption of jurisdiction by this Court does not offend traditional notions of fair play and substantial justice.

5. This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1), as the Plaintiff and the Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

### IV.  VENUE

6. Venue is proper in this district under 28 U.S.C. § 1391(a)(2), because all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

### V.  CONDITIONS PRECEDENT

7. All conditions precedent have been performed or have occurred.

### VI.  NATURE OF THE ACTION

8. This action seeks to recover damages for injuries sustained by Plaintiff as the direct and proximate result of the wrongful conduct of Defendant BODUM USA, Inc. in connection with the designing, developing, manufacturing, distributing, labeling, advertising, marketing, promoting, and selling of the 34oz Bodum Replacement Beaker, Coffee Press Beaker Glass "the Bodum Press Glass Beaker"

## VII.  FACTUAL BACKGROUND

9. On January 21, 2018, Ms. Hanafy purchased a 34 Ounce (8 Cup) Bodum Replacement Beaker, Coffee Press Beaker Glass via the amazon.com Bodum store for use within her 34 Ounce Bodum Chambord French Press Coffee Maker.

10. The 34 Ounce (8 Cup) Bodum Replacement Beaker, Coffee Press Beaker Glass is described as eight cup (34-ounce) replacement beaker made of borosilicate glass; to fit all styles of the Bodum eight cup (34-ounce) coffee press.

11. On the morning of Friday, May 11, 2018, Ms. Hanafy, following all directions provided, poured hot water into the Bodum Coffee Press Beaker.  Upon pouring the hot water into the Bodum Coffee Press Beaker, the beaker shattered at the bottom, resulting in hot water exploding out and onto the upper thigh of her right leg and the entire thigh and shin of her left leg.

12. Ms. Hanafy immediately presented to MedSpring Urgent Care; where she was prescribed Silvadene 1%; a topical antimicrobial drug indicated as an adjunct for the prevention and treatment of wound sepsis in patients with second- and third-degree burns.  She was further prescribed Ibuprofen 800mg and Tramadol 50mg.

13. On Monday, May 14, 2018, Ms. Hanafy presented to Memorial Hermann Greater Heights Emergency Department, complaining of increased in redness and tenderness in the burn areas of her body, and an increased level of pain.  Ms. Hanafy was discharged and instructed to continue her home care as prescribed by MedSpring Urgent Care.

14. Approximately 36 hours later, Ms. Hanafy presented to Memorial Hermann Greater Heights Hospital, providing that her "level of pain had reached an excruciating level and … had spiked a fever of 102".  Ms. Hanafy was immediately admitted as a sepsis risk.

15. Over the next three (3) days, Ms. Hanafy was treated with intravenous antibiotics and underwent a surgical debridement. She was prescribed Cipro 500mg for infection; Acetaminophen-Hydrocodone 325 mg-5 mg oral tablet for pain; and Sertraline 50mg for post-traumatic stress.

16. Ms. Hanafy was ultimately discharged on Friday, May 18, 2018.

17. Plaintiff continues to suffer humiliation, pain, and permanent disfigurement for injuries sustained.

18. Plaintiff did not modify the product in any way before using it; and used the product as instructed.

19. Plaintiff has incurred medical bills and expenses in excess of $40,000.00.

20. Defendant's failure to take reasonable care in developing, designing, manufacturing, testing, selling, and/or marketing a product free from defects and safe for consumer use, and Defendant's failure to adequately warn consumers of foreseeable dangers related to its product, proximately caused Plaintiff's injuries and damages.

## VIII.  COUNT I - NEGLIGENCE

21. Plaintiff incorporates the facts and allegations explained above as if fully set forth herein.

22. Defendant was negligent in developing, designing, manufacturing, testing, selling, and/or marketing the Bodum Press Glass Beaker.

23. At all times material hereto, the Bodum Press Glass Beaker was being used by Ms. Hanafy for the foreseeable intended purposes for which it was developed, designed, manufactured, tested, sold, and/or marketed. Plaintiff was foreseeable intended user of the Bodum Press Glass Beaker.

24. Defendant owed a duty to Plaintiff to use reasonable care in developing, designing, manufacturing, testing, selling, and/or marketing a product free from defects in material or

workmanship that was safe and functional for consumer use and did not pose a foreseeable risk of harm to consumers. Defendant failed to exercise such reasonable care.

25. Defendant owed a duty to Plaintiff to adequately warn of the dangers inherent in the use of the product it developed, designed, manufactured, tested, sold, and/or marketed. Defendant failed to adequately warn consumers of the dangers inherent in its product that is the subject of this suit.

26. Plaintiff's injuries and damages are the direct and proximate result of the Defendant's negligence, as well as that of its agents, servants, employees, and apparent agents acting within and during the scope of their employment, authority, or apparent authority. Plaintiff's injuries and damages are not due to any act or failure on the part of Plaintiff.

27. Defendant was negligent in one or more of the following respects:

    a. Failing to take appropriate steps to ensure the Bodum Press Glass Beaker could not explode;

    b. Failing to conduct an appropriate inspection of the Bodum Press Glass Beaker;

    c. Marketing, selling, and shipping the Bodum Press Glass Beaker in an unsafe condition;

    d. Failing to provide users of the Bodum Press Glass Beaker with adequate instructions for its safe use;

    e. Failing to provide users of the Bodum Press Glass Beaker with adequate warnings concerning its use;

    f. Failing to thoroughly and adequately test the Bodum Press Glass Beaker to ensure that the glass would not suffer a catastrophic failure in the course of use;

g. Failing to design and/or sell the Bodum Press Glass Beaker with the capacity to hold hot liquid;

h. Failing to equip the Bodum Press Glass Beaker with properly functioning safety features which would prevent the glass from failure while in proper use;

i. Failing to equip the Bodum Press Glass Beaker with properly functioning safety features which would prevent the Bodum Press Glass Beaker from structural failure while in proper use;

j. Failing to prevent damage to, or sticking or malfunction of, the Bodum Press Glass Beaker's safety features;

k. Failing to provide a safe, appropriate, and effective mechanism for protecting consumers from a catastrophic failure of the Bodum Press Glass Beaker's glass;

l. Designing the Bodum Press Glass Beaker and it's housing in such a way that it is not sufficient to contain a structural failure of the Bodum Press Glass Beaker.

m. Failing to design the Bodum Press Glass Beaker with a warning mechanism that would allow a user to recognize that the Bodum Press Glass Beaker was in imminent danger of failure;

n. Failing to discover defects in, and the dangerous condition of, the Bodum Press Glass Beaker;

o. Failing to remedy the defects in, and the dangerous condition of, the Bodum Press Glass Beaker;

p. Failing to discover defects in, and dangerous inadequacies of, the instructions and warnings provided with the Bodum Press Glass Beaker;

q. Failing to properly test, evaluate, inspect, and assemble the Bodum Press Glass Beaker;

r. Failing to properly design, manufacture, and advertise the Bodum Press Glass Beaker to ensure that it was not unreasonably dangerous;

s. Failing to warn the public in general, and Plaintiff in particular, of the dangers presented by the use of Defendant's product;

t. Failing to exercise due care and act with regard for the safety of those using its products;

u. Failing to use a less dangerous design that would have kept most of the product's use and utility, while reducing risk of injury to plaintiff; and

v. Such other and further acts and/or omissions as may be shown by the evidence at the trial of this cause.

28. Each of the above-listed acts and/or omissions, taken singularly or in combination, was a proximate cause of Plaintiff's injuries and damages. The above and foregoing acts and omissions of Defendant constitute negligence, which was the proximate cause of Plaintiff's resulting injuries and damages. Nothing Plaintiff did or failed to do caused or contributed to cause the occurrence made the basis of this suit.

## IX. COUNT II - STRICT LIABILITY

29. Plaintiff incorporates the facts and allegations explained above as if fully set forth herein.

30. Defendant is the manufacturer, designer, distributor, and/or seller of the Bodum Press Glass Beaker.

31. The Bodum Press Glass Beaker was sold and delivered to Plaintiff by amazon.com, thought the online Bodum store. Plaintiff made no change in its condition.

32. The Bodum Press Glass Beaker was used by Ms. Hanafy as designed and intended by the Defendant, without any change in its condition from the time it left the control of the Defendant until it was used by the Plaintiff.

33. The Bodum Press Glass Beaker, which was sold and delivered to Plaintiff and ultimately used by Ms. Hanafy, was, at the time of sale and delivery, in a defective condition and unreasonably dangerous to the ultimate user.

34. The product was defective and unreasonably dangerous in that it failed to conform to the product design and specifications of other glass beakers, where it suffered a catastrophic failure, and failed to prevent the sudden and unexpected explosion of boiling hot liquid when used in accordance with the instructions provided. Such defect(s) constituted a producing cause of Plaintiff's injuries and damages.

35. The product was defective and unreasonably dangerous, because there was a lack of adequate warnings and notices that the product could explode boiling hot liquid in a way not warned of or contemplated by the ordinary user of the product. Such defect(s) constituted a producing cause of Plaintiff's injuries and damages.

36. The product was defective and unreasonably dangerous due to the hazard created by the inability of the glass to contain hot liquid as designed to do. Such defect(s) constituted a producing cause of Plaintiff's injuries and damages.

37. As a direct result of the defective condition of the Bodum Press Glass Beaker, Plaintiff sustained the injuries and losses described herein. Had the Bodum Press Glass Beaker not been manufactured, designed, distributed, or sold by Defendant in such an unreasonably dangerous condition, Plaintiff's injuries would not have occurred.

## X. COUNT III - BREACH OF EXPRESS WARRANTY

38. Plaintiff incorporates the facts and allegations explained above as if fully set forth herein.

39. Defendant is the designer, manufacturer, assembler, distributor, and/or seller of the Bodum Press Glass Beaker. Defendant sold and shipped the Bodum Press Glass Beaker to Plaintiff through the amazon.com Bodum store.

40. Defendant expressly warranted that its product was safe for ordinary use when used in compliance with the instructions provided.

41. Defendant's affirmations regarding the safety of its product formed a basis of the bargain for Plaintiff, without which the Plaintiff would not have purchased Defendant's product.

42. The product did not conform to the Defendant's affirmations regarding the safety of its product.

43. As a direct and proximate result of Defendant's breach of express warranties, Plaintiff sustained the injuries and losses described herein.

## XI. COUNT IV - BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

44. Plaintiff incorporates the facts and allegations explained above as if fully set forth herein.

45. Defendant is the designer, manufacturer, assembler, distributor, and/or seller of the Bodum Press Glass Beaker. Defendant sold and shipped the Bodum Press Glass Beaker to Plaintiff through the amazon.com Bodum store.

46. Defendant impliedly warranted that its product was merchantable, fit for the ordinary purpose for which it was sold or used, was of fair average quality so as to pass without objection in the trade, and conformed to Defendant's own affirmations regarding the Bodum Press Glass Beaker's safety features and overall safe condition.

47. Defendant breached its implied warranty of merchantability, as the product did not conform to the Defendant's affirmations regarding the safety features and overall safe

48. condition of the product, the product was not fit for the ordinary purpose for which it was sold or used and was not of fair average quality so as to pass without objection in the trade.

49. As a direct and proximate result of Defendant's breach of the implied warranty of merchantability, Plaintiff sustained the injuries and losses described herein.

### XII. COUNT V - BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

50. Plaintiff incorporates the facts and allegations explained above as if fully set forth herein.

51. Defendant is the designer, manufacturer, assembler, distributor, and/or seller of the Bodum Press Glass Beaker. Defendant sold and shipped the Bodum Press Glass Beaker to Plaintiff through the amazon.com Bodum store.

52. In selling its product to Plaintiff, Defendant, through its agents, servants, employees, and apparent agents acting within the scope of their employment, authority, or apparent authority, made representations and promotions concerning the particular purpose to which Plaintiff would put the product to use and knew or should have known of the particular purpose to which Plaintiff would put the product to use. Defendant impliedly warranted that the product would be fit for such particular purpose.

53. Defendant breached its implied warranty of fitness for a particular purpose, as the product did not conform to the Defendant's affirmations regarding its product being fit for such particular purpose. The Bodum Press Glass Beaker's malfunctioning safety features and overall unsafe condition rendered it unfit for that purpose.

54. As a direct and proximate result of Defendant's breach of the implied warranty of fitness for a particular purpose, Plaintiff sustained the injuries and losses described herein.

## XIII. DAMAGES

55. As a direct and proximate result of Defendant's conduct, Plaintiff Jamie Hanafy suffered the following injuries and damages:

   a. Compensatory damages for past, present, and future damages, including but not limited to, pain and suffering for severe and permanent personal injuries she sustained, permanent impairment, mental pain and suffering, loss of enjoyment of life, health and medical care costs, economic damages, together with interest and costs as provided by law;

   b. Medical expenses in the past and future;

   c. Physical pain and mental anguish in the past and future;

   d. Disfigurement in the past and future;

   e. Physical impairment in the past and future;

   f. Reasonable attorney's fees and costs allowed under law; and

   g. Past lost wages and loss of future earning capacity.

## XIV. PRAYER

56. For the above reasons, Plaintiff Jamie Hanafy prays that Defendant be cited to appear and answer herein and that upon final trial, Plaintiff have judgment against Defendant for the following:

   a. Compensatory damages for past, present, and future damages, including but not limited to, pain and suffering for severe and permanent personal injuries she sustained, permanent impairment, mental pain and suffering, loss of enjoyment of life, health and medical care costs, economic damages, together with interest and costs as provided by law;

    b.  Actual damages within the jurisdictional limits of the Court;

    c.  Pre-judgment and Post-judgment interest at the lawful rate;

    d.  Reasonable attorney's fees as provided by law;

    e.  Past and future costs of all proceedings;

    f.  Prejudgment interest on all damages as allowed by law;

    g.  Such other and further relief as this Court deems just and proper; and

    h.  All such other and further relief to which Plaintiff may show themselves justly entitled under law or in equity.

## XV.  DEMAND FOR JURY TRIAL

Plaintiff Jamie Hanafy hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,

By: /s/ Richard G. Perque
Richard G. Perque
Tx State Bar No.: 24099216
Federal Bar No.: 3383121
RICHARD G. PERQUE, LLC
700 Camp Street
New Orleans, Louisiana 70130
Telephone: (504) 681-2003
Facsimile: (504) 681-2004
richard@perquelaw.com
*Attorney for Jamie Hanafy*