IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMIE HANAFY | § | CIVIL ACTION NO. 4:19-CV-01066 |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| BODUM USA, INC. | § | |
| Defendant, | § | JURY DEMAND |
| | § | |

## **OPPOSED MOTION TO DISMISS PURSUANT TO RULE 41(A)(2)**

NOW INTO COURT, through undersigned counsel, comes Jamie Hanafy who respectfully represents:

1.

On March 21, 2019, Ms. Hanafy filed an Original Complaint [Doc. 1], naming Bodum USA, Inc. as defendant in action.

2.

Paragraph 8 of the Original Complaint states that this action seeks to recover damages for injuries sustained by Plaintiff as the direct and proximate result of the wrongful conduct of Defendant BODUM USA, Inc. in connection with the designing, developing, manufacturing, distributing, labeling, advertising, marketing, promoting, and selling of the 34oz Bodum Replacement Beaker, Coffee Press Beaker Glass "the Bodum Press Glass Beaker".

3.

During an attorney conference, Bodum USA, Inc., through its counsel provided that it is a legally distinct entity and wholly owned subsidiary of Bodum AG; with Bodum USA, Inc. having no connection with the designing, developing, manufacturing of Bodum products.

4.

Bodum USA, Inc. further provided that pursuant to the invoice supplied by plaintiff,[1] it has no connection with distributing, labeling, advertising, marketing, promoting, and selling of the 34oz Bodum Replacement Beaker, Coffee Press Beaker Glass "the Bodum Press Glass Beaker" in this instant matter.

5.

Corporate documents regarding the relationship between Bodum USA, Inc. and Bodum AG have been requested through discovery but have not been produced pursuant to objection by Bodum USA, Inc.

6.

Relying on assertions made by counsel for Bodum USA, Inc., Ms. Hanafy avers that Bodum USA, Inc. is not the proper party to this litigation, and therefore seeks to dismiss this litigation without prejudice pursuant to Rule 41(a)(2).

7.

Rule 41(a)(2), provides in pertinent part, that an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper…. [u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

---

[1] The invoice obtained by plaintiff indicates a third-party seller outside of the continental united states and outside of the distribution area of Bodum USA, Inc.

Accordingly, Jamie Hanafy requests that this motion be granted.

Respectfully Submitted,

By: /s/ Richard G. Perque
Richard G. Perque
Tx State Bar No.: 24099216
Federal Bar No.: 3383121
RICHARD G. PERQUE, LLC
700 Camp Street
New Orleans, Louisiana 70130
Telephone: (504) 681-2003
Facsimile: (504) 681-2004
richard@perquelaw.com
*Attorney for Jamie Hanafy*

## CERTIFICATE OF CONFERENCE

Undersigned certified that he forwarded a proposed copy of this motion for consideration to opposing counsel, Ms. Julia Sinor on February 12, 2020.  Undersigned further certifies that he attempted to confer with Ms. Sinor relative to this motion by calling her office at 2:52pm on February 13, 2020, sending a follow up email on 3:05pm on February 13, 2020, and calling her office at 9:09am on February 14, 2020.  No response has been received as of the date and time of the filing of this motion; and it is assumed to be opposed.

/s/ Richard G. Perque

_____

Richard G. Perque

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been mailed, telecopied, electronically served or hand delivered to all attorneys of record, in compliance with Rule 5 of the Federal Rules of Civil Procedure, on February 14, 2020.

/s/ Richard G. Perque

_____

Richard G. Perque